Tayxor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 The indictment charges the Defendant with a perjury, committed on the trial of an issue joined between the State and six persons, who are
 
 named;
 
 and upon a reference to the trial docket of the Court wherein the issue was pending, and the trial took place, the names of the same six persons are found as parties to the issue, and the plea of ■*£ not guilty” is placed in the column appropriated for pleas. There is, therefore, no evidence, arising from the only docket where such evidence is sought for, that any plea was entered by the seventh person. And if the indictment had charged that the issue was joined between the State and seven persons, and the objection had been taken that only six had pleaded, the Attorney-General could have placed but little reliance on the circumstances now set up to prove that seven had pleaded. It may be confidently concluded from those circumstances that seven were put upon their trial, and the whole found
 
 guilty;
 
 and if it were not known, that in point of fact, it is no uncommon thing for a man to be fried on an indictment, when through inadvertence or the hurry of business, no plea has been entered, the finding of the Jury might be taken as evidence of a plea having been entered. But the contrary has been decided in this Court upon more than one occasion, where a
 
 venire de novo
 
 has been awarded, after a verdict for the Defendant in one instance, and for the State in another, because the docket did not shew that a plea had been entered in either. -The decision of the Judge in the Court below was unquestionably correct, and the rule for a new trial must be discharged.